UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-20467

v.

ERIC CAMPBELL,

*Defendant*

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)     The Government moved for detention at Defendant's first appearance pursuant to:

        XX     18 U.S.C. § 3142(f)(1).

        __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__     (2)     The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

  __ the date of conviction, **or**

  __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

<u>XX</u> for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

__ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

I find that the testimony and information submitted at the detention hearing establishes:

__ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

<u>XX</u> both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine. I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 51 years of age. He is presently divorced and for the past two years has been living by himself at an apartment on South Washington Avenue in Saginaw, Michigan. Defendant has resided in the Saginaw area since 2000. He previously resided in Norfolk, Virginia, and Salt Lake City, Utah. The Pretrial Services report indicates that Defendant is disabled and suffers

from medical conditions including lupus. He is currently taking a number of prescription medications including Prednisone and Vicodin. Defendant has not worked for the past five years. Defendant conceded to Pretrial Services that he has been smoking marijuana for at least the last 35 years. Preliminary urinalysis screening was positive for marijuana. Defendant admitted using cocaine for the last 30 years and that he occasionally smokes crack cocaine. Defendant also conceded to Pretrial Services that he drinks alcohol daily.

At age 17, Defendant was convicted of felony armed robbery. In 1998 and 1999, Defendant pled guilty to misdemeanor domestic violence. After the second conviction, Defendant was placed on six months' probation and sentenced to 45 days in jail. While on that probation, Defendant was again charged with felony domestic violence, third offense, and pled guilty to misdemeanor domestic violence. He received 180 days in jail. Counsel for Defendant represents that these convictions arose out of a tumultuous relationship in which Defendant is no longer involved. More recently, however, in 2006, Defendant was again charged with felony domestic violence, third offense, and pled guilty to that charge in July 2006. Thereafter, Defendant failed to appear for his pre-sentence investigation interview and a bench warrant was issued in September 2006.

In March 2007, Defendant was apprehended and arraigned on the bench warrant. Bond was reinstated. Defendant then failed to appear for his sentencing and the court granted a motion to revoke his bond. Defendant was apprehended in early May 2007, and on May 29, 2007, Defendant was sentenced to 36 months' probation as well as community service. Within two months of beginning his probationary sentence, another bench warrant was issued and in September 2007 Defendant was arraigned and shortly thereafter he was sentenced to 45 days in jail with credit for time served.

Four months later, another bench warrant was issued for a probation violation. While this bench warrant was outstanding, in late March 2008, Defendant was charged with felony assault with a dangerous weapon and felony domestic violence, third offense. The latter charge was bound over to Saginaw County Circuit Court, indicating that the state court found probable cause supporting at least this charge. While awaiting trial on these charges in April 2008, Defendant was sentenced on his probation violation to nine months in jail with credit for 61 days served. His probation was revoked.

Trial on the felony weapons and domestic violence charges was scheduled for mid-August 2008, however, the prosecution was forced to move to dismiss the case as the complaining witness failed to appear. Although dismissed cases are not normally considered under 18 U.S.C. § 3142(g), I believe it appropriate to note that the failure of a witness to appear in a domestic violence matter is not uncommon and can indicate the possibility that the witness was intimidated and failed to appear out of fear for his or her safety.

Counsel for Defendant proffers that Defendant's brother, who lives in the same building as Defendant, has no prior criminal history, and has expressed a strong willingness to assist, could serve as a third-party custodian. While I am impressed by the willingness of Defendant's brother to support Defendant, it appears that thus far the best efforts of Defendant's brother have failed to control Defendant's behavior while on this most recent supervision. As a result, while Defendant's brother may have the best of intentions, I believe it inappropriate in light of Defendant's past history to now place his brother in the difficult position of third-party custodian.

Accordingly, in light of Defendant's recent criminal history, his use of controlled substances, and his essentially complete failure to abide by the conditions of his most recent court supervision on charges considerably less serious than those he now faces, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented. I further conclude that, for the same reasons, I am unable to craft any conditions or combination of conditions that I believe would reasonably assure the safety of the community or Defendant's appearance as required. The Government's motion to detain will be therefore be **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: September 1, 2010

s/ *Charles E. Binder*
CHARLES E. BINDER
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Roy Kranz and Jeffrey Day, and served on District Judge Ludington in the traditional manner.

Date: September 1, 2010     By     s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder